## IN THE COURT OF APPEALS OF IOWA

No. 15-0021
Filed December 23, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JAKE RUSSELL GILES,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Worth County, Gregg R. Rosenbladt, Judge.


        The defendant, convicted of two felony offenses as a juvenile, claims the sentence imposed following resentencing constitutes cruel and unusual punishment. **AFFIRMED.**


        Jonah Hammer Dyer of JHD Law, LLC, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, Kevin Cmelik and Sharon K. Hall, Assistant Attorneys General, for appellee.


        Considered by Tabor, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

In June 1999, Jake Giles, a seventeen-year-old juvenile at the time of the offenses, entered guilty pleas to second-degree robbery and attempted murder in exchange for dismissal of theft charges. Because both offenses carried mandatory minimum terms, the "fighting issue" at sentencing was whether the district court would order the terms to be served concurrently or consecutively. After a hearing, the court ordered Giles to serve up to ten years on the robbery conviction and up to twenty-five years on the attempted murder conviction, both convictions carrying mandatory minimums and the terms to be served consecutively for a total of thirty-five years in prison.

In July 2014, Giles filed a motion to correct illegal sentence, seeking resentencing under *State v. Lyle*, 854 N.W.2d 378, 398-400 (Iowa 2014), which held "all mandatory minimum sentences of imprisonment for youthful offenders are unconstitutional under the cruel and unusual punishment clause" of the Iowa constitution. The *Lyle c*ourt recognized "the sentencing of juveniles according to statutorily required mandatory minimums does not adequately serve the legitimate penological objectives in light of the child's categorically diminished culpability" and also recognized "the rehabilitative objective [for juveniles] can be inhibited by mandatory minimum sentences." 854 N.W.2d at 398-400; *see also State v. Pearson*, 836 N.W.2d 88, 99 (Iowa 2013) (Cady, C.J., concurring specially) (stating the gravity of the offense does not affect the applicability of the juvenile's rights under the Iowa constitution). However, the *Lyle* court did not preclude a district court from sentencing a juvenile to a long term of

imprisonment with a mandatory minimum before parole eligibility; rather, the court found such sentences objectionable when the sentence was imposed under a "one-size-fits-all mandatory sentencing" scheme. *Id.* at 402-03.

The *Lyle* court then set out the factors sentencing courts must consider when sentencing or resentencing a juvenile offender: (1) The age of the offender and the features of youthful behavior, such as "immaturity, impetuosity, and failure to appreciate risks and consequences"; (2) the particular "family and home environment" that surrounded the youth; (3) the circumstances of the particular crime and all circumstances relating to youth that may have played a role in the commission of the crime; (4) the challenges for youthful offenders in navigating through the criminal process; and (5) the possibility of rehabilitation and the capacity for change. *Id.* at 402 n.10. The *Lyle* court instructed: "Clearly, these are all mitigating factors, and they cannot be used to justify a harsher sentence." *Id.* In sum, a sentencing court may impose the maximum term, including a imposing a mandatory minimum if warranted, upon the court's analysis of the *Lyle* factors as applied to an individual juvenile defendant. *See id.*

At the hearing on Giles's motion, the State asked the court to resentence Giles to consecutive sentences with the mandatory minimum terms. Defense counsel urged the court to waive the mandatory minimums and order concurrent terms so Giles would immediately be eligible for parole, pointing out the updated PSI showed Giles had earned the "highest privilege" in prison and had lived on

the honor unit for over eight years.[1]  Defense counsel claimed Giles's behavior over the past sixteen years contradicted the State's expert's opinion at the original sentencing hearing that Giles could not be rehabilitated.  Counsel also claimed Giles's "model behavior" confirmed the Iowa Supreme Court's new understanding of the developing juvenile brain.  Giles made a statement to the court, expressing remorse for his actions.  After also considering the 1999 sentencing record and an updated presentence investigation report, the district court stated its reasons for ordering Giles to serve the same sentence— consecutive sentences carrying mandatory minimum terms.

On appeal, Giles claims the court failed to properly and fully consider three of the *Lyle* factors—youthful behavior, the family and home environment, and his capacity for rehabilitation and change.  The State admits "it appears harsh to order Giles, now thirty-four, to serve the remaining minimum term of nine years on top of the fifteen and one-half years he has already served as a 'model inmate'" but contends the district court considered the *Lyle* factors, reasonably exercised its discretion, and properly resentenced Giles.

"Illegal sentences can be challenged at any time."  *State v. Louisell*, 865 N.W.2d 590, 595 (Iowa 2015).  "A sentence is illegal if it amounts to cruel and unusual punishment," and we review such challenges de novo.  *Id.*  The sole issue before us is whether the court unconstitutionally resentenced Giles by failing to properly consider *Lyle's* guideline factors for sentencing juveniles.  After our de novo review of the record, we conclude the resentencing court discharged

---

[1] Defense counsel also alerted the court to the fact Giles faces a ten-year prison sentence in Virginia upon his discharge of his Iowa sentences.

its duty to utilize "an individualized consideration" under the *Lyle* standards and reasonably exercised its discretion in resentencing Giles. *See State v. Ragland*, 836 N.W.2d 107, 121-22 (Iowa 2014) (holding a sentencing court must utilize "an individualized consideration"). Accordingly, the newly imposed sentence does not amount to cruel and unusual punishment, and we affirm.

**AFFIRMED.**